V. GAYLE v. E. S. PERRYMAN.

No. 346.

1. **Vendor's Lien — Proof of Notice Necessary Against Subsequent Vendee.**—In a suit to foreclose a vendor's lien against a subsequent vendee of the land, plaintiff alleged that defendant purchased with notice of the lien. Defendant answered by general denial, and plaintiff gave no evidence showing such notice. *Held*, that a judgment of foreclosure against defendant could not stand.

2. **Same—Notice to Produce—Secondary Evidence.**—Plaintiff's petition charged that the deeds conveying the land to defendant retained the vendor's lien, and notified defendant to produce the deeds on the trial. *Held*, that a failure to so produce them rendered secondary evidence admissible, but did not prove their contents, or that they recited a vendor's lien retained.

APPEAL from Jack. Tried below before Hon. J. W. PATTERSON.

This suit was brought by appellant against W. J. S. Chipman, W. L. Anderson, and V. Gayle, on a note executed by said Anderson, and to foreclose a vendor's lien on land. The petition alleged, that Chipman sold and conveyed the land to W. L. Anderson; that Anderson conveyed by deed to V. Gayle; that both deeds retained the vendor's lien; that defendants were notified to produce same on trial, or secondary evidence would be used to prove the same; that Chipman had sold and endorsed the note before its maturity to Perryman; and that Gayle had bought the land from Anderson with full notice of the vendor's lien so retained. On the trial, Anderson and Chipman failed to appear, and judgment was rendered against them by default; and judgment of foreclosure was rendered against Gayle, from which he alone appeals.

*Nicholson & Nicholson*, for appellant. — 1. Unless Gayle had notice from Anderson's deed or otherwise that there was an outstanding vendor's lien note against the land he purchased, the court erred in adjudging that a lien existed, and foreclosing the same. Waites v. Osborn, 66 Texas, 648; 64 Texas, 150; 1 W. & W. C. C., secs. 616, 617.

2. Before a decree foreclosing the lien claimed can be rendered, it must be proved that the note was given for the purchase money of the land described in the decree. Daugherty v. Eastburn, 74 Texas, 58; Davenport v. Chilton, 25 Texas, 518; Harris v. Crittenden, 25 Texas, 325; Murray v. Land, 27 Texas, 89.

*Thomas D. Sporer* and *R. P. Baker*, for appellee.—1. When the party contumaciously fails to produce a document after notice, or having power to decline producing it, elects to exercise this power, everything touching the contents of the document and its execution will be presumed against him, which the case fairly admits of under the operation of the

maxim, " Contra spoliatorem omnia præsumuntur." 1 Thomp. on Trials, sec. 794; Bailey v. Hicks, 16 Texas, 222; Thompson v. Shannon, 9 Texas, 536; 1 Sayles' Civ. Stats., art. 2245 (45); Bank v. Turner, 15 S. W. Rep., 710; Pennington v. Schwartz, 8 S. W. Rep., 32; Tobin v. Shaw, 45 Me., 338; Eastman v. Manf. Co., 44 N. H., 143: Tisdale v. Tisdale, 64 Am. Dec., 782.

2. The note sued on shows that it was given for the purchase money of the land in question. The law itself fixes the vendor's lien on the land, and this note and its lien is not shown to have ever been discharged. The presumption of law is, that when the vendor's lien or other equity, specific or implied, is once shown to exist against land, a party purchasing same takes it subject thereto, until the fact is averred and proven by him that he is an innocent bona fide purchaser without notice and for value. Lincoln v. Purcel, 73 Am. Dec., 196; Anketel v. Converse, 91 Am. Dec., 115; Ellis v. Temple, 94 Am. Dec., 200; Byns v. Fowler, 54 Am. Dec., 271; Johnson v. Toulmin, 52 Am. Dec., 219; Nantz v. McPherson, 18 Am. Dec., 216.

STEPHENS, ASSOCIATE JUSTICE.—The burden was on appellee to prove that appellant purchased the land with notice of the lien which appellee sought to foreclose. This lien arose from the sale and conveyance of said land to W. L. Anderson, who afterwards conveyed same to appellant. It does not appear that it was expressly reserved either in the note or the deed. It was, then, strictly a vendor's lien—a creature of equity, implied to secure unpaid purchase money. The legal and superior title passed by deed to the respective vendees. This is the effect both of the allegations and proof on the part of the appellee, who sought to have appellant bound by the judgment as a subsequent vendee, by alleging that he purchased with notice. Appellant plead the general issue only, and offered no proof. We find no evidence in the record that appellant had such notice.

The consequence of a failure to produce a deed at the trial upon proper notice from the opposite party is to make secondary evidence of its contents competent, and not to prove the contents as alleged.

Because appellee failed to prove that appellant acquired the land with notice of the alleged vendor's lien, the judgment foreclosing that lien against appellant can not stand. McAlpine v. Burnett, 23 Texas, 649. The judgment will therefore be reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Delivered January 10, 1894.