ILLIES & HILDEBRAND V. ROLF FRERICHS ET AL.

No. 711.

**1.  Statute of Three Years' Limitation—Color of Title.**

A deed made by one who before executing it has conveyed the land to another, does not connect such latter vendee with the sovereignty of the soil, and therefore will not support the statute of three years' limitation.

**2.  Legal Title—Deed Before Issuance of Patent.**

One who claims under a valid location and survey of a land certificate, has the legal title as distinguished from an equitable right, and his deed of the land will convey the legal title, although made before issuance of the patent.

**3.  Innocent Purchaser—Proof of Want of Notice and Payment of Value.**

A junior purchaser seeking to postpone a prior legal title upon the ground that he has acquired a subsequent claim for value and without notice, has the burden of establishing both these facts by evidence outside of the recitals in his deed.

**4.  Same—Presumption as to Notice.**

Where such junior purchaser is shown to be dead at the time that claim under him is asserted, it may be presumed that he bought without notice, but not that he paid value for the land.

**5.  Pleading—Plea of Improvements—Exceptions Necessary.**

Where defendant's plea of improvements is defective in not particularly describing the land upon which the improvements are made, and plaintiff fails to except to the plea for want of sufficient particularity, he cannot avail himself of such defect by objections to the testimony offered in support of the plea.

**6.  Evidence of Value—Opinion.**

Where a witness is shown to be familiar with the locality of the land and qualified to give an opinion as to its rental value, such opinion is admissible, although the witness cannot state the value absolutely.

APPEAL from Medina.   Tried below before Hon. EUGENE ARCHER.

*Franklin & Cobbs,* for appellants, upon the doctrine of innocent purchaser, cited:  Watkins v. Edwards, 23 Texas, 448;  Wright v. Daily, 26 Texas, 731;  Harris v. Hardman, 27 Texas, 249;  Elliott v. Whitaker, 30 Texas, 421;  Allen v. Root, 39 Texas, 599;  Long v. Brenneman, 59 Texas, 211;  Brownson v. Scanlan, 59 Texas, 225;  Olcott v. Ferris, 24 S. W. Rep., 850;  Grigsby v. May, 84 Texas, 254;  Duren v. Railway, 86 Texas, 291.

2.    Where there are several defendants who file joint answer but claim different tracts of land, and claim to hold in severalty under separate deeds from a common source, in order to have a separate recovery for their improvements, such defendants are required to state their specific separate improvements, and to give a description of the tract or tracts of land upon which the same is situated; giving the number of acres only is not sufficient.   Caney v. Coleman, 77 Texas, 103;  Railway v. Ruby, 80 Texas, 175.

*Barnard & McGown,* for appellees.—1.   The pleadings of the defendants, who all answered together, set forth a claim for improvements made in good faith, and specifically set out the improvements of each, and the number of acres owned and occupied by each, and the fact that their

respective improvements were upon the portions of the whole tract owned and occupied by them respectively. This answer was sufficient to allow the introduction of the defendants' deeds, showing what portion of the survey they owned, and their testimony concerning the nature and value of their improvements thereon.

2. The deed from Jean B. Wernette to Henry Castro, dated April 16, 1850, was a conveyance of a certificate for land, and not a conveyance of land. It only transferred an inchoate title or tacit equity, by and through which grantee Castro might select 320 acres out of the public domain of Texas, and this court will so presume, in view of the failure of the record to disclose the contents of this deed, the court's charge and the jury's general verdict; and therefore defendants, in introducing the deed from Wernette to Guilbeau—it conveying the legal title to the land—were not required to prove payment of purchase money or absence of notice of the inchoate or tacit equity, but the burden was upon plaintiffs to show want of consideration and notice. McAlpine v. Burnett, 23 Texas, 651; Cook v. Collins, 40 Texas, 251; Johnson v. Newman, 43 Texas, 642; Davis v. Rankin, 50 Texas, 286; Lewis v. Cole, 60 Texas, 341; Bramer v. Diffenbach, 60 Texas, 151; Lewis v. Johnson, 68. Texas, 448; Frank v. Heidenheimer, 84 Texas, 642.

NEILL, ASSOCIATE JUSTICE.—This is an action in the usual form of trespass to try title, brought by C. J. H. Illies and J. W. Hildebrand on the 23d day of September, 1886. On the 19th day of June, 1887, Virginia M. Hildebrand, as administratrix of J. W. Hildebrand, deceased, joined in the suit as a party plaintiff.

The defendants, Rolf Frerichs, H. Balzen, Jr., H. B. Balzen and H. de Grote, plead not guilty, the statute limitations of three, five and ten years, and improvements in good faith. The cause was tried before a jury who returned a verdict for the defendants, upon which the judgment from which this appeal is taken was entered.

The appellants offered in evidence the field notes of survey November 16, made for Jean B. Wernette on the 31st day of October, 1846, of the land in controversy; [a deed] from Jean B. Wernette to Henry Castro, conveying the same land, dated ——— day of ———, 1850, which was acknowledged on the 16th day of April of the same year, and recorded on the 27th day of February, 1860, in the records of deeds of Medina County; a mortgage from Henry Castro to John H. Illies, dated the 18th of March, 1847, and filed for record in Bexar County, Texas, on the 13th day of August, 1847 (at that time Bexar County embraced Medina County); a judgment in favor of John H. Illies against Henry Castro foreclosing the mortgage dated June 30, 1852, and registered in Medina County on the 5th day of July, 1852; an order of sale under the judgment of foreclosure, issued June 3, 1853; a deed from the sheriff of Medina County under the order of sale to John H. Illies, conveying the land in controversy, dated July 5, 1853, and registered July 9, 1853; a deed from C. J. H. Illies to J. W. Hildebrand, conveying one half interest in the land, dated June 5, 1884. It was proven that C. J. H. Illies is an

heir of John H. Illies, and that Virginia M. Hildebrand is the administratrix of her deceased husband, J. W. Hildebrand.

The appellees introduced in evidence the following patent and deeds to the land in controversy, to-wit: (1) Letters Patent from the State of Texas to Jean B. Wernette, dated August 19, 1852. (2) Deed from Jean B. Wernette to F. Guilbeau, for the land in controversy, dated 6th day of August, 1853, and registered the 20th day of September, 1853, Book A, No. 3, pages 111 and 112, deed records, Medina County. (3) Deed from Francis Guilbeau to Rolf Frerichs and Jacob Fritz, dated 28th day of April, 1870, registered 29th day of April, 1870. (4) Deed from Jacob Fritz to Rolf Frerichs, dated October 5, 1871 (not properly recorded), conveying undivided one half interest in the land in controversy. The acknowledgment is without seal of the officer taking the acknowledgment. (5) Deed from Rolf Frerichs to Harm. Balzen, conveying one hundred and fifty-six acres of the land in controversy, dated 25th day of April, 1874, and registered on the 25th day of April, 1874. (6) Deed from Rolf Frerichs to Harm. de Grote, conveying twenty-eight acres of land in controversy, dated 25th day of April, 1874, registered 25th day of April, 1874. (7) Deed from Harm. Balzen to H. B. Balzen, conveying sixty-six acres out of his one hundred and fifty-six acres out of the land in controversy, dated 24th day of September, 1880, registered 25th day of October, 1880.

No evidence was introduced to prove that Guilbeau, to whom Wernette conveyed the land in 1853, purchased it in good faith, and paid a valuable consideration therefor without actual notice of the fact that in 1850 his vendor had conveyed the same land to Henry Castro.

The court, in effect, charged the jury that if they believed from the evidence that the defendants had adverse, peaceable and exclusive possession of the land in controversy for three years next prior to the institution of the suit, claiming the same under title or color of title from and under the sovereignty of the soil down to themselves, to find a verdict for them. Also, that the patent and deeds introduced by defendants in evidence constitute a chain of title from the government or sovereignty of the soil in and to the defendants.

The court also instructed the jury that if they believed from the evidence that at the time of the purchase of the land by Guilbeau from Wernette, there was no deed on record in Medina County from Wernette to any one, conveying the land in controversy, and that Guilbeau and his vendees, R. Frerichs and Jacob Fritz, and their vendees, Harm. Balzen, Harm. de Grote and H. Balzen, were innocent purchasers in good faith for a valuable consideration, and had no knowledge, actual or constructive, of a prior conveyance by Wernette to any one to the premises, to find for the defendants.

Both these paragraphs of the charge are assigned by the appellants as error. The first, upon the ground that the evidence showed that J. B. Wernette, the original grantee from the State, had, before he conveyed the land to Guilbeau, by his deed executed in 1850 to Henry Castro,

parted with his title to the land; and the second, upon the grounds that it allowed the jury to find that Guilbeau and his vendees were innocent purchasers in good faith for value, when there was no proof that Guilbeau ever paid anything of value for the land, nor that Fritz paid Guilbeau a valuable consideration for it; that none of the defendants were innocent purchasers for value without notice, because, at the time of their purchase from Guilbeau, the deed from Wernette to Castro, the mortgage from Castro to Illies, the judgment in favor of Illies against Henry Castro foreclosing the mortgage, the sheriff's deed, made under order of sale issued on said judgment, to Jno. H. Illies, etc., were of record in Medina County.

We will consider these objections, urged in the assignments to paragraphs referred to of the charge, in the order presented.

1. We have seen from the undisputed testimony that all the parties to this suit claim the land through the original grantee, Jean B. Wernette, as the common source of title, and that he conveyed it to Henry Castro (through whom appellants deraign) prior to his conveyance to Guilbeau, through whom appellees claim. It is well established in this State that deeds made by persons who, before executing them, had conveyed the property to others, do not connect the vendee with the sovereignty of the soil, and, therefore, will not support the statute of three years' limitation. Wright v. Daily, 26 Texas, 730; Harris v. Hardman, 27 Texas, 249; Long v. Brenneman, 89 Texas, 211; Brownson v. Scanlan, 59 Texas, 225; Blum v. Rogers, 71 Texas, 677; Grigsby v. May, 84 Texas, 254. But it is contended by the apellees that as the deed by Wernette to Castro was made before the issuance of patent, it did not pass title to the land, but was a conveyance only of the certificate by virtue of which it was located. This objection is answered by the Supreme Court in Duren v. Railway, 86 Texas, 291, 24 S. W. Rep., 258, in which it is held that one claiming under a valid location and survey has the legal title, as distinguished from an equitable right. Therefore, we conclude that the court erred in giving the first paragraph of the charge referred to.

2. Now as to the second: It is well settled that one who seeks to postpone a prior legal title upon the ground that he has acquired a subsequent claim for value, without notice, has the burden of establishing both these facts by evidence outside of the recitals in the deed. Olcott v. Ferris, 24 S. W. Rep., 850; Bremer v. Case, 60 Texas, 151. We have seen that there was no evidence offered either to show the purchase by Guilbeau from Wernette was upon a valuable consideration, or was without actual notice of the prior conveyance to Castro. It has been intimated by the Supreme Court that, in "cases in which parties to the transaction have died, and no direct proof can be made that the subsequent purchaser had or had not notice of a prior conveyance, upon proof being made that the subsequent purchaser paid a valuable consideration, the presumption might be indulged that he bought without notice of the prior conveyance." Rogers v. Pettus, 80 Texas, 425. But in this case, as now presented, such principle cannot apply; for there is neither proof

of the death of the parties to the transaction, nor of payment of the purchase money by Guilbeau. There being no proof that Guilbeau was a purchaser for value, without notice, and the prior deed from Wernette to Castro, as well as others through whom appellant's claim, being of record at the time the land was conveyed by Guilbeau to Frerichs and Fritz, the appellees could not maintain the defense of innocent purchasers by showing that they and their other vendors paid valuable considerations; for, having constructive notice of a prior conveyance, it was absolutely necessary for them to show that their remote vendor, Guilbeau, was a purchaser in good faith for value, without notice of the prior deed of his vendor to Castro. Therefore, we conclude that the court erred in the second charge referred to in this opinion.

It is also complained of by appellants in their assignments that the court erred in permitting the introduction of evidence as to the value of any improvement made by the defendants on the land sued for, because the allegations in their pleadings did not describe the respective lands upon which the improvements were constructed. The following extract from the answer of the defendant Frerichs, in which he suggests improvements in good faith, shows how the land is described, viz.: "The defendant R. Frerichs on that portion of the survey sued for occupied and claimed by him, being one hundred and thirty-six acres out of said survey 16." Each of the parties claiming the value of improvements should have in their answers described the lands respectively upon which the improvements were claimed, so they could be identified, and a proper judgment, in case of the recovery of their value, could be entered. It is hardly necessary to say that the pleadings illustrated by the quotation would not be good against an exception pointing out the defect in the description of the lands claimed by the respective parties. But no exception was urged to them, and it has been held that when pleadings are defective, the proper practice is to point out the defects by exceptions, and having failed to do so, a party should not be allowed to avail himself of the defect by objecting to testimony.

The testimony of the witnesses Haas and Pigenot as to the rental value of the lands offered by plaintiffs, should, in our opinion, have been admitted. While they could not state absolutely the value, they were shown to be familiar with the locality of the land, and qualified to give an opinion as to its rental value. Railway v. Ruby, 80 Texas, 175.

Were it not for other errors indicated, it would not have been necessary for us to pass upon the two assignments just considered; but as the case will be reversed on other grounds, in view of another trial we deemed it our duty to dispose of them.

*Reversed and remanded.*