HUSSEY et al. v. TITTERINGTON et al.

(Court of Civil Appeals of Texas. Texarkana. April 18, 1912.)

1. VENDOR AND PURCHASER (§ 231*)—BONA FIDE PURCHASER—RECORDS — CONSTRUCTIVE NOTICE.

Where a contract between an attorney and a claimant of land, entitling the attorney to a part of the land if successful in the suit, was recorded, it is constructive notice of the interests of the attorney.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 513–539; Dec. Dig. § 231.*]

2. VENDOR AND PURCHASER (§ 236*)—BONA FIDE PURCHASER—EVIDENCE—SUFFICIENCY.

A recital in a deed to land that it was conveyed in consideration of a certain sum paid is no proof that the vendee is a bona fide purchaser for value, even assuming that he did not have constructive notice of a recorded power of attorney.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 570; Dec. Dig. § 236.*]

Appeal from District Court, Cass County; P. A. Turner, Judge.

Action by George A. Titterington and others against J. B. Hussey and others. From a judgment for plaintiffs, defendants appeal. Affirmed.

R. R. Taylor, of Jefferson, for appellants. O'Neal & Allday, of Atlanta, and Geo. A. Titterington, of Dallas, for appellees.

HODGES, J. This suit was brought by the appellees against the appellants in the form of an action of trespass to try title to recover an undivided one-half interest in a tract of 350 acres of land situated in Cass county. Appellants answered by demurrer, plea of not guilty, and special pleas not necessary to notice in the determination of the issues presented. The case was submitted to the court without a jury, and a judgment rendered in favor of the appellees.

At the request of the parties the court filed findings of fact and conclusions of law. The following extract from the findings of fact will sufficiently explain the nature of the suit and the issues involved:

"(1) The plaintiffs and defendants claim title to the land in controversy under Martha C. Hankla, Melissa E. Patterson, and I. H. McGown.

"(2) That plaintiffs connect themselves with the common source through the following instruments: A power of attorney, which also conveys a half interest in the land sued for from John F. Hankla and wife, Martha C. Hankla, Melissa E. Patterson, and I. H. McGown to M. T. Nix, dated the 16th day of January, 1901, and duly recorded in the deed records of Cass county. Deed from M. T. Nix to E. W. Parker, conveying an undivided one-half interest to 790 acres of land patented to Priscilla Evans, of Cass county, Tex., embracing the land in controversy. This deed was dated 8th day of August, 1901, and recorded in the office of the county clerk of Cass county. Power of attorney from Melissa E. Patterson and I. H. McGown to John F. Hankla, authorizing him to sue for the land in controversy, and to employ attorneys to assist in the prosecution of that claim, and conveying to him one-half of the land in controversy. This instrument was dated August 10, 1901, and properly recorded. Power of attorney from John F. Hankla, agent and attorney in fact for I. H. McGown, Melissa E. Patterson, and John F. Hankla, for himself and wife, Martha C. Hankla, to E. W. Parker, authorizing said Parker to employ attorneys to assist in the recovery of said land, and to pay said attorneys out of the fee he receives, and selling to said Parker one-half interest in all lands that said parties are entitled to as heirs of Priscilla Evans. This instrument was dated January 16, 1902, and properly recorded. Deed from E. W. Parker to Geo. A. Titterington and O'Neal & Allday to an undivided one-half interest in 350 acres of land, part of the Priscilla Evans survey of 790 acres, off the west side of said survey, in Cass county, being the land here in controversy. This deed was dated March 15, 1910, and duly recorded.

"(3) That prior to the 1st of July, 1901, M. T. Nix proceeded to the performance of his obligations under his power of attorney and contract above mentioned, made investigations of title, and procured suit to be filed on the 29th day of June, 1901, in the district court of Cass county, Tex., seeking to recover 790 acres of land, of which the land here sued for is a part. That he thereafter sold his interest to E. W. Parker, who assumed his obligations to the plaintiffs in said cause.

"(4) That acting under the obligations assumed by him in his purchase from said Nix, and also under the power of attorney and contract made to him by John F. Hankla and others, E. W. Parker proceeded to perform, and did perform, all the undertakings and agreements made by himself in those instruments, and all the obligations assumed by Nix and John F. Hankla in the powers of attorney and contract made with them as aforesaid.

"(5) That in this connection plaintiffs Geo. A. Titterington and O'Neal & Allday were employed, and that the aforesaid cause was prosecuted by them to a final determination, by which 350 acres were decreed to the plaintiffs therein, and $1,000 collected for the timber on said land, and said $1,000 were properly distributed to the parties entitled thereto.

"(6) That plaintiffs herein and those whose title they have from and under the heirs of Priscilla Evans, have performed every obligation assumed by them for said heirs, and

that said heirs accepted the benefits of such performance.

"(7) That defendants Hussey and Wheelan hold a general warranty deed duly acknowledged and executed from and under M. E. Patterson, I. H. McGown, J. F. Hankla and wife, M. C. Hankla, to themselves, which recites the payment of $600 for the title to the whole 350 acres, one-half of which is sued for herein. That the only evidence tending to show that defendants paid $600, or that they were otherwise purchasers in good faith, as against the plaintiffs, was the introduction of the deed to defendants Hussey and Wheelan."

Upon these facts the court rendered the judgment appealed from. Appellants present only two assignments of error.

By the first it is insisted that the court erred in holding "that the power of attorney from the heirs of Priscilla Evans to M. T. Nix, dated January 16, 1901, and the deed from M. T. Nix to E. W. Parker, conveying an undivided interest in the land, dated August 8, 1901, conveyed any part of said land to the said E. W. Parker, for the reason that the said M. T. Nix, at the date of the deed to Parker and because the said Parker, Nix, and Dickerson, their attorney, had abandoned the case on February 5, 1902." The court finds that such was not the case, and we think the evidence is sufficient to support the finding.

[1] The second assignment of error insists that the court erred in holding that the appellants were not innocent purchasers of the entire tract of land from the heirs of Priscilla Evans by their deed dated June 5, 1905, for the reason "that the defendants Hussey and Wheelan had no notice, either actual or constructive, of the claims of these plaintiffs to one-half of said land, until March 15, 1910, the date of their said deed from E. W. Parker to said plaintiffs Geo. A. Titterington, H. A. O'Neal, and E. A. Allday." The court made no specific finding upon that issue, but such a finding is involved in the judgment rendered. The testimony shows that the two powers of attorney by which the heirs of Priscilla Evans authorized Nix and Hankla to sue for and recover this tract of land, and which also conveyed an undivided one-half interest in such as might be recovered, were duly recorded in the office of the county clerk. These records furnish constructive notice of the interests which they conveyed.

[2] The appellants were in no event in an attitude to claim the benefit of purchasers without notice, in the absence of proof that they had paid value for the property, even assuming that the constructive notice given by the record of the powers of attorney previously referred to was not sufficient. As found by the court, the only evidence that value had been paid by them was the recital in the deed upon which appellants relied to support their claim of ownership. It has been repeatedly held in this state that such evidence is insufficient to support such a plea. Illies v. Frericks, 11 Tex. Civ. App. 575, 32 S. W. 915; Ryle v. Davidson, 102 Tex. 230, 115 S. W. 28.

The judgment of the district court is affirmed.