TEXAS CENT. R. CO. v. MALLARD.
(No. 7998.)

(Court of Civil Appeals of Texas. Ft. Worth. June 13, 1914.)

APPEAL AND ERROR (§ 263*)—RESERVATION OF GROUNDS OF REVIEW—EXCEPTIONS.

Under Rev. St. 1911, art. 2061, as amended by Acts 33d Leg. c. 59, providing that the ruling of the court in giving, refusing, or qualifying instructions shall be regarded as approved unless excepted to, the refusal of an instruction cannot be reviewed where there was no exception to the charge given or to the refusal of the one requested.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1516–1523, 1525–1532; Dec. Dig. § 263.*]

Appeal from Jones County Court.

Action by R. B. Mallard against the Texas Central Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

See, also, 158 S. W. 1183.

Spell & Sanford and W. W. Naman, all of Waco, for appellant. Brooks & Brooks, of Anson, for appellee.

DUNKLIN, J. The Texas Central Railroad Company has appealed from a judgment rendered in the county court in favor of R. B. Mallard for $175 as damages for the death of a mare and colt which were run over by one of appellant's trains. The suit was predicated upon allegations of negligence on the part of the railroad company in operating its train at a great rate of speed at the time of the accident and in failing to keep a lookout to discover the presence of the animals upon the track in time to avoid killing them.

The case was tried before a jury and but one assignment of error is presented. That assignment is to the refusal of the court to give an instruction requested by appellant. The date of the trial was October 20, 1913. The record contains no bill of exceptions showing that appellant upon the trial objected to the charge given to the jury by the court, or that it made any objection to the refusal of the requested instruction referred to above. By Act of the 33d Legislature (see Gen. Laws 1913, p. 113), which became effective July 1, 1913, certain articles of the statute were amended, one of which articles, No. 2061, being amended so as to read as follows:

"The ruling of the court in the giving, refusing or qualifying of instructions to the jury shall be regarded as approved unless excepted to as provided for in the foregoing articles."

The record showing no exception to the charge that was given and none to the refusal of the requested instruction, such actions of the court must be regarded as approved by appellant, and, if approved, it is in no position to complain here. The assignment of error is, accordingly, overruled and the judgment affirmed. See Cleburne Street Ry. Co. v. Barnes, 168 S. W. 991, No. 7995, by this court and not yet officially published.

Affirmed.

SPEER, J., not sitting.