CONN et al. v. HOUSTON OIL CO. OF TEXAS. (No. 6680.)

(Court of Civil Appeals of Texas. Galveston. Nov. 3, 1914. Rehearing Denied Dec. 10, 1914.)

1. APPEAL AND ERROR (§ 548*)—OBJECTIONS TO CHARGE—REVIEW—BILL OF EXCEPTIONS —NECESSITY.

An objection to a charge or any part thereof will not be reviewed by the appellate court, unless the objection is preserved by a proper bill of exceptions incorporated in the record.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2433–2440; Dec. Dig. § 548.*]

2. VENDOR AND PURCHASER (§ 232*) — BONA FIDE PURCHASERS—CONSTRUCTIVE NOTICE— PRIOR UNRECORDED DEED—POSSESSION.

Where, when a tram company purchased certain land in controversy from the heirs of D., one L. was living on and had possession of 86 acres, holding under an unrecorded deed in which the 86 acres was described by metes and bounds, but it was not shown that the tram company had knowledge of possession of any part of the tract other than that occupied by L., his possession was not constructive notice to the tram company of a prior unrecorded deed to the balance of the tract, nor did the fact that the deed under which L. was holding was unrecorded enlarge the effect of his possession as notice.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 540–545, 548–562; Dec. Dig. § 232.*]

3. VENDOR AND PURCHASER (§ 238*)—BONA FIDE PURCHASER—KNOWLEDGE OF SUBSEQUENT GRANTEE.

Where plaintiff claimed title under a tram company, which was an innocent purchaser for value without notice of any superior outstanding title, plaintiff acquired the tram company's rights, and it was immaterial that at the time it purchased it had knowledge of facts which, if possessed by the tram company, would have charged it with knowledge of a prior conveyance by one of its prior grantors.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 580–582; Dec. Dig. § 238.*]

4. APPEAL AND ERROR (§ 564*)—RECORD—FILING—STATEMENT OF FACTS—TIME.

Vernon's Sayles' Ann. Civ. St. 1914, art. 2073, allows 30 days after adjournment in which to file a statement of facts and bills of exception, and provides that on good cause shown the time may be extended, but not so as to delay the filing of the statement, together with the transcript of the record, in the appellate court within the time prescribed by law, subject to a proviso that any statement of facts filed before the time for filing the transcript in the appellate court expires shall be considered as filed in time. Held that, under such proviso, a statement of facts filed before the transcript is required by law to be filed in the appellate court is filed in time, though not filed within the time specified by the trial court for filing the same as extended.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2501–2506, 2555–2559; Dec. Dig. § 564.*]

5. EXCEPTIONS, BILL OF (§ 42*) — FILING — TIME—"FORMALITIES."

The time for filing bills of exception relates to formalities in bringing a case to the appellate court for revision within Court of Civil Appeals rule 8 (142 S. W. xi), providing that all motions relating to informalities in the manner of bringing a case into court shall be filed and entered by the clerk on the motion docket within 30 days after the filing of the transcript in the Court of Civil Appeals, or the objection is waived, if it can be waived by the party; and hence failure to file bills of exception in time was waived, where no motion to strike the same was filed within the time prescribed.

[Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. § 72; Dec. Dig. § 42.*]

6. VENDOR AND PURCHASER (§ 243*) — OUTSTANDING TITLE—NOTICE—EVIDENCE.

On an issue as to whether a tram company under which plaintiff claimed was an innocent purchaser without notice of an outstanding title in having acquired title from certain heirs in December, 1892, February, 1893, and February, 1895, evidence that, in 1893, 1894, or 1895, the tram company's manager expressed a fear of litigation with reference to the land and ordered a removal of the timber therefrom as quickly as possible, and that there was general talk among its employés indicating that the

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

company did not have a good title to the land, was inadmissible.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 606–608; Dec. Dig. § 243.*]

7. APPEAL AND ERROR (§ 301*)—ERRORS NOT PRESENTED IN MOTION FOR NEW TRIAL—ERRORS APPARENT OF RECORD—"APPARENT."

The term "apparent," as used in the clause "errors of law apparent on the face of the record," means clear or manifest to the understanding; plain; obvious; appearing to the eye or mind—not including errors which can be ascertained by looking into the record and considering the evidence; and hence assignments in an action to recover land that the judgment was contrary to law and without evidence to support it, in that it awarded to defendants three forty-seconds only of the land in controversy, when it should have awarded eleven fifty-sixths, there being no evidence that a tram company under which plaintiff claimed paid value in good faith and without notice of the adverse claim of those under whom defendants claimed, etc., and that the court erred in granting a peremptory instruction on the issue of purchase in good faith by the tram company, on the ground that there was no evidence that it was an innocent purchaser for value, did not present errors of law apparent on the face of the record, and could not be reviewed, where they were not presented as grounds for new trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1743, 1753–1755; Dec. Dig. § 301.*

For other definitions, see Words and Phrases, First and Second Series, Apparent.]

Appeal from District Court, Newton County; A. E. Davis, Judge.

Suit by the Houston Oil Company of Texas against R. C. Conn and others. Judgment for complainant, and defendants appeal. Affirmed.

John B. Warren, of Houston, for appellants. Hightower, Orgain & Butler, of Beaumont, H. O. Head, of Sherman, and Parker & Kennerly, of Houston, for appellee.

McMEANS, J. The Houston Oil Company of Texas brought this suit against R. C. Conn and John B. Warren to recover 1,051 acres of land in Newton county, part of the Lewis Donaho one-half league and labor survey. The defendants answered by plea of not guilty, and by cross-bill sought to recover the land from the plaintiff. In answer to the cross-bill the plaintiff pleaded not guilty. The case was submitted to a jury upon special issues, and upon return of the verdict a judgment was rendered and entered in favor of plaintiff, from which the defendants, after their motion for a new trial had been overruled, have appealed.

Plaintiff deraigned title as follows: (1) Patent from the state of Texas to Lewis Donaho, for one-half league and labor, dated December 12, 1845; (2) deeds from the heirs of Lewis Donaho, some of them acting through their duly authorized agents and attorneys in fact, to the Cow Creek Tram Company, dated respectively December 23, 1892, February 20, 1893, and February 18, 1895; (3) deed from the Cow Creek Tram Company to George Adams; (4) deed from George Adams to the plaintiff, Houston Oil Company of Texas.

The defendants deraigned title through a deed from Lewis Donaho to Wm. McFarland, conveying the entire survey. This deed was not produced on the trial, nor was it shown that it had ever been recorded, but its execution was proven by circumstances only, and was shown to have been executed at a date long anterior to the date of the deed from the heirs of Lewis Donaho to the Cow Creek Tram Company. Defendants further proved a regular, consecutive chain of transfers from Wm. McFarland down to themselves.

From the foregoing statement it will be observed that the defendants owned the senior title, which was superior to the junior title owned by the plaintiff, provided that, at the time the Cow Creek Tram Company purchased the land in controversy from the heirs of Lewis Donaho, it had notice of the execution of the deed by Lewis Donaho to Wm. McFarland, or had knowledge of facts that would have put a person of ordinary prudence upon inquiry, which, if diligently pursued, would have led to the discovery of its execution. It is apparent from the foregoing that one of the main issues upon the trial was whether the Cow Creek Tram Company was a purchaser for value without notice of the execution of the deed by Lewis Donaho to Wm. McFarland. If it was not, the judgment should have been for defendants; if it was, then the judgment for plaintiff was properly rendered, regardless of whether the Cow Creek Tram Company or plaintiff, in purchasing from Adams, had knowledge of the execution of the senior deed, or were in possession of facts that would put a person of ordinary prudence on inquiry. The undisputed facts show that Adams was acting for the Cow Creek Tram Company in purchasing the land from the heirs of Lewis Donaho, and any notice he had at that time of the execution of the senior deed, or other facts to put a person of ordinary prudence on inquiry, was chargeable to the tram company.

The seventh special issue submitted by the court to the jury is as follows:

"Question No. 7: Was George Adams or the Cow Creek Tram Company an innocent purchaser for value in good faith of the land purchased from the heirs of Lewis Donaho of 1,051 acres? You will answer this question, 'Yes.'"

The jury, in obedience to the court's command answered this question in the affirmative.

The peremptory charge on this issue is assailed by defendants' first assignment of error; their contention being that the question was one for the jury to determine, since there was evidence introduced tending to show that George Adams, the representative of the tram company, had notice of the de-

fendants' claim of title and of the claim of title of those under whom they hold.

[1] We are met in limine by the objection of appellee to the consideration of this assignment, on the ground that this charge was not excepted to before it was submitted to the jury, and there was no exception to the action of the court in giving it preserved by a bill of exceptions. It is now too well settled to require further discussion that an objection to a charge, or any part thereof, will not be reviewed by the appellate court, unless the objection is preserved by a proper bill of exceptions incorporated in the record. Railway v. Wadsack, 166 S. W. 42; Railway v. Brown, 168 S. W. 867; Railway v. Mallard, 168 S. W. 994; Ford Motor Co. v. Freeman, 168 S. W. 82; Saunders v. Thut, 165 S. W. 554; Railway v Galloway, 165 S. W. 546; Johnson v. Hoover, 165 S. W 900; Roberts v. Laney, 165 S. W 116; Life Association v. Rhoderick, 164 S. W. 1068; Street Railway v. Barnes, 168 S. W. 992; Railway v. Churchill, 171 S. W. 517, decided by this court October 15, 1914. But does this rule apply to a peremptory instruction which takes from the jury the right to pass upon the facts? We are inclined to the opinion that it does not, but applies only to those charges which submit to the jury controverted fact issues raised by the evidence.

[2] However that may be, we are of the opinion that the undisputed evidence introduced upon the trial was sufficient to show want of notice to the Cow Creek Tram Company, at the time of its purchase, of the execution of the deed by Lewis Donaho to Wm. McFarland conveying the entire Lewis Donaho survey, which deed, as before stated, was proved by circumstances only. We will not set out in detail the evidence which appellants contend tended to prove notice, but will content ourselves with the statement that we have carefully examined the evidence relied upon by appellants in that regard, and find the same is insufficient to raise the issue. The only fact tending even remotely to show notice was the proof that, at the time of the purchase of the 1,051 acres in controversy by the tram company from the heirs of Lewis Donaho, one W. K. Landrum was living upon, and had possession of, 86 acres of it, holding under a deed which was not then recorded, and in which the 86 acres was described by metes and bounds, and certain other parties had other portions of the Donaho survey in their possession, but, with the exception of Landrum, the possession of said other persons of different parts of the survey did not extend to or upon the 1,051 acres in suit. The evidence is uncontradicted that the Cow Creek Tram Company paid full value for the land. It was not shown that George Adams, who represented the tram company in making the purchase, and who died several years before the trial, had knowledge of possession of any part of the Donaho, other than that of W. K.

Landrum of 86 acres of the tract involved in this suit, and this fact is shown only by the circumstances of Landrum's possession. The 86 acres is not involved in this appeal; it not having been awarded to either party. The possession of land not included in the deed to the tram company, it not having been shown that the tram company knew of such possession at the time it purchased, could not be constructive notice affecting the title to any land beyond that possession. Hayward Lumber Co. v. Bonner, 56 Tex. Civ. App. 208, 120 S. W. 578. Landrum's possession, whether the tram company had either actual or constructive notice of it, was not notice of claim to any part of the tract in controversy which he did not claim; and from the fact that the deed under which he was holding was not recorded such want of record could not enlarge the effect of his possession as notice. Wright v. Lassiter, 71 Tex. 640, 10 S. W. 296.

[3] In consideration of the foregoing, we are of the opinion that the Cow Creek Tram Company was shown by the undisputed proof to be a purchaser for value without notice of any superior outstanding title to the land in controversy, and that the court did not err in giving the peremptory instruction complained of. As the Cow Creek Tram Company was an innocent purchaser for value, it is immaterial whether at the time the appellee, Houston Oil Company, purchased the land it had knowledge of facts which, if possessed by the tram company at the time it purchased, would have charged it with knowledge of the execution of the deed from Lewis Donaho to Wm. McFarland. Illies v. Frerichs, 11 Tex. Civ. App. 575, 32 S. W. 917.

If we are correct in the views above stated, then the judgment of the court below must be affirmed, unless some error prejudicial to appellants was made by the court in the rejection of the testimony offered by them, which is complained of in the eighth and ninth assignments. The testimony in question was that of the witness Myers, who was an employé of the tram company as locomotive engineer, and who, had he been permitted, would have testified that about the year 1893 or 1894 or 1895, when the tram company was cutting timber on the land in controversy, which was shown to be after its purchase, he was given orders by George Adams, the manager of said company, to hurry up and get the timber off the tract, as they might have litigation over it, and, if he saw anybody trying to stop him while running the train on the tram, to not stop, but to pull the train and timber off of that tract as quickly as possible; also the testimony of the witness Cully, an employé of the tram company, to the effect that it was general talk among the employés of the Cow Creek Tram Company, when the timber was being removed from the land, that the company was in a rush to get the timber off for

fear of litigation. To the rejection of this testimony appellants duly preserved bills of exception.

[4] Appellee objects to the consideration of the assignments upon the ground that neither the statement of facts nor bills of exception in this case was filed in the trial court within the time fixed by law, nor within the time allowed by the order of the court, which extended the time of filing 30 days after the expiration of the time the law prescribed. It appears that the trial court made an order allowing appellants 30 days after the expiration of the time given by law for the filing of statements of fact and bills of exception in which to file a statement of facts and bills of exception, but that neither the statement of facts nor bills of exception was filed until more than 30 days after the time so extended by the court's order had expired.

Article 2073, Vernon's Sayles' Ann. Civ St. 1914, prescribes that the parties to a suit shall have 30 days after the day of adjournment of court in which to prepare and file a statement of facts and bills of. exception, and provides that:

"Upon good cause shown, the judge trying the cause may extend the time in which to file a statement of facts and bills of exception: Provided, that the court trying such cause shall have the power in term time or vacation, upon the application of either party, for good cause to extend the several times as hereinbefore provided for the preparation and filing of the statement of facts and bills of exception, but the same shall not be so extended so as to delay the filing of the statement of facts, together with the transcript of record, in the appellate court within the time prescribed by law."

The article concludes with the following proviso:

"Provided that any statement of facts filed before the time for filing the transcript in the appellate court expires, shall be considered as having been filed within time allowed by law for filing same."

This last proviso is explicit, and must be given the construction which its clear language demands, and that is that a statement of facts is filed in time if filed at a date before the transcript is required by law to be filed in the appellate court. This is not a new question in this state. Criswell v. Robbins, 152 S. W. 210; Witherspoon v. Crawford, 153 S. W. 633.

We cannot sustain appellee's contention that the statement of facts was not filed within the time required by law.

[5] But what of the bills of exception? In Criswell v. Robbins, supra, the court, after referring to the last proviso of article 2073, above copied, says:

"But that provision would not lend any aid to the bills of exception, * *. * because they are not mentioned in the sweeping provision as to statements of facts. The bills of exceptions are still under the law as to extensions of time, as is apparent from the language of the law of 1911. * * * It follows that, although under the law of 1911 we are compelled to consider the statement of facts, the bills of exceptions cannot be considered because filed out of time."

We think the conclusion thus stated is sound in the abstract, but that it has no application to the bills of exception now under discussion, for the following reasons: The time of filing of bills of exception relates to formalities in bringing a case to the appellate court for revision. Rule 8 (142 S. W. xi), prescribed for the government of Courts of Civil Appeals, provides:

"All motions relating to informalities in the manner of bringing a case into court shall be filed and entered by the clerk on the motion docket within thirty days after the filing of the. transcript in the Court of Civil Appeals, otherwise the objection shall be considered as waived, if it can be waived by the party."

Under this rule an objection to the bills of exception on account of the informalities complained of, to be available to appellee, must have been presented by a motion to this court filed and docketed within 30 days after the transcript was filed, and as this was not done, and as the informality was one that could be waived, this court is not at liberty to disregard them.

[6] Adverting now to the assignments, appellants contend that the testimony referred to ˙was admissible as tending to prove that the Cow Creek Tram Company was not an innocent purchaser. We do not think the contention sound. The time mentioned by the witnesses at which the fear of litigation was expressed by Adams, and at the time of the general talk among the employés mentioned by the witness Cully, was in 1893, 1894, or 1895, and not more definitely stated. All this was subsequent to the date of the tram company's purchase. The source of the threatened litigation was not shown, nor any other fact that would indicate that the statement of Adams or the general talk was induced by any notice to Adams or the company of an outstanding superior title at the time the company bought the land. At most, the testimony could have only raised a surmise or suspicion. The assignments are overruled.

The only other assignments of error that we feel called upon to notice are the eleventh and twelfth. The eleventh is as follows:

"The judgment is contrary to law and without evidence to support it, in this: The judgment awards to defendants three forty-seconds only of the land in controversy, and it should have been eleven fifty-sixths; there being no evidence that the Cow Creek Tram Company paid value, in good faith, and without notice of the adverse claim of title of those under whom the defendants claimed, as to the undivided interest in said land purchased by the tram company from [naming certain heirs of Lewis Donaho] which parties, if they had any claim, conveyed by their deeds a one-eighth interest in the land to said tram company."

The twelfth assignment complains of the peremptory instruction on the issue of the purchase in good faith by the tram company, on the ground that there was no evidence that the tram company was an innocent

purchaser for value from certain other heirs of Lewis Donaho.

The matters complained of in these assignments were not presented by defendants in their motion for new trial in the court below, but to cure the effect of this omission, are presented as pointing out fundamental error apparent upon the face of the record.

[7] To determine whether these assignments point out error would require an investigation of all the evidence bearing upon the matter to which they relate. We do not understand that the assignments are such as point out "error in law * * * apparent on the face of the record," as this language is used in article 1607, Revised Statutes 1911. This language was construed by our Supreme Court in Houston Oil Co. v. Kimball, 103 Tex. 104, 122 S. W. 533, 124 S. W. 85, and it is there said:

"Webster defines the word 'apparent' thus: 'Clear, or manifest to the understanding; plain; * * * obvious; appearing to the eye or mind.' This does not mean that an error which can be ascertained by looking into the record and considering the evidence may be considered without any assignment, for that would include every error which can be considered at all. Nothing can be considered as an error which cannot be made apparent by an examination of the record; therefore the language of the statute must be given that construction which will make it consistent with its requirements in other respects."

Tested by the rule thus stated, we are of the opinion that the assignments do not point out error apparent on the face of the record, and therefore, because the alleged error was not called to the attention of the trial court in the motion for a new trial, the assignments cannot be considered.

We are of the opinion that the judgment of the court below should be affirmed, and it has been so ordered.

Affirmed.