## WHITE v. COOKSEY.    (No. 970.)

(Court of Civil Appeals of Texas. Beaumont. June 20, 1923. Rehearing Denied June 27, 1923.)

**1. Appeal and error ⟬⟭719(1)—Only fundamental error appearing of record can be reviewed in absence of assignment.**

In the absence of any assignment of error in the brief, the appellate court cannot review any error that might have been committed unless it be fundamental error apparent on the face of the record.

**2. Appeal and error ⟬⟭672—Questions requiring examination of evidence cannot be error apparent on face of record.**

Points raised in appellant's brief, a consideration of which would require an examination of all the evidence, do not present error apparent on the face of the record.

**3. Appeal and error ⟬⟭672—Giving defendant affirmative relief not prayed for is fundamental error.**

In a suit to remove a cloud from title, in which defendant prayed for no affirmative relief, the inclusion in the judgment of a decree vesting all right and title to the property in the defendant was fundamental error apparent on the face of the record.

**4. Quieting title ⟬⟭51—Court cannot quiet title of defendant who did not pray for such relief.**

In a suit to remove a cloud from plaintiff's title, where defendant did not pray for affirmative relief by the quieting of his title, the court could not by its judgment grant him such relief.

Appeal from District Court, Navarro County; Hawkins Scarborough, Judge.

Suit to remove cloud from title by Mrs. Lora White, for herself and as administratrix of the estate of W. H. Norton, deceased, and as next friend of the minor children of herself and W. H. Norton, against J. B. Cooksey. Judgment for defendant on directed verdict, and plaintiff appeals. Judgment affirmed in so far as it denied the relief

plaintiff sought, and corrected and reformed in so far as it granted affirmative relief to defendant.

W. W. Ballew, of Corsicana, for appellant.

R. E. Prince and W. H. Jack, both of Corsicana, for appellee.

HIGHTOWER, C. J. The appellant, Mrs. Lora White, as plaintiff below, for herself and as administratrix of the estate of W. H. Norton, deceased, and as next friend of Katheryne Norton and Frank Norton, minor children of herself and W. H. Norton, filed this suit against J. B. Cooksey, the appellee, as defendant, to remove cloud from title to certain property in the city of Corsicana. Cooksey answered by general demurrer, general denial, and plea of not guilty. The trial was had with a jury, but upon conclusion of the evidence the court peremptorily instructed a verdict for the defendant, and, upon the verdict so instructed, entered judgment denying to plaintiff in any capacity the relief she sought, and, her motion for new trial being overruled, she has prosecuted this appeal.

[1, 2] Appellant's brief presents two points, but no assignment of error challenging any action of the trial court in this case. In the absence of any assignment of error in the brief, this court is not authorized to review the judgment of the trial court as to any error that might have been committed, unless it be fundamental error apparent on the face of the record. This record presents no such error, in so far as the plaintiff's cause of action goes. A consideration and disposition of the two points in appellant's brief would require an examination and consideration of all the evidence in the entire record. Where such is the case, error is not apparent on the face of the record. Houston Oil Co. of Texas v. Kimball, 103 Tex. 94, 122 S. W. 533, 124 S. W. 85; Conn v. Houston Oil Co. of Texas (Tex. Civ. App.) 171 S. W. 520; Park v. John Deere Plow Co. (Tex. Civ. App.) 199 S. W. 845.

The judgment of the trial court will therefore be affirmed, in so far as it denies to plaintiff the relief she sought.

[3, 4] There is fundamental error in the judgment, however, which must be corrected, in this: The judgment recites that a certain deed executed by F. W. Norton in his individual capacity and as surviving husband of his deceased wife, S. E. Norton, to J. B. Cooksey, December 1, 1920, includes the property in controversy in this case, and that it conveys to Cooksey the fee-simple title to the property, and that this deed should not be annulled or canceled, but should remain in full force and effect, and the court so decreed. And the judgment then decrees that all right and title to the property conveyed by this deed and included in plaintiff's petition

should be divested out of her in all capacities in which she sues, and should be also divested out of said minor children, Katheryne and Frank Norton, and should be vested in Cooksey forever, and that Cooksey's title thereto should be quieted, and that he should have a writ of possession and restitution, all of which the court decreed. The court was in error in rendering such decree, because no such relief was prayed for by Cooksey, and there was no basis whatever in his pleading for any such relief; and such error is, of course, fundamental. By this part of the judgment it may be that Cooksey was awarded recovery for property to which he has no character of title or claim, and for this reason we at first thought we should remand the cause in part, and so ordered; but we now think that this can be fully corrected by reforming the judgment in this respect.

This court's judgment will be, therefore, to affirm the trial court's judgment denying to appellant the relief she sought, and to set aside and correct it as to the relief granted the appellee as above shown.

Reformed and affirmed.