## WILLIAMSON v. WILLIAMSON et al.
### (No. 2866.)

Court of Civil Appeals of Texas. Amarillo.
Sept. 28, 1927.

1. **Appeal and error** ⬅719(1)—**Where appellate court must go into record to determine whether there is error, such error is not "error apparent of record."**

Where appellate court is required to go into record as a whole to determine whether or not there is error, such error is not "error apparent of record," authorizing review without filing assignments of error.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Error Apparent.]

2. **Appeal and error** ⬅753(2)—**Where appellant files no assignments of error and proposition presented is not error apparent of record, judgment will be affirmed.**

Where appellant files no assignments of error and proposition presented by him is not error apparent of record, judgment will be affirmed.

Appeal from District Court, Moore County; Reese Tatum, Judge.

Suit by Ernest T. Williamson against B. H. Williamson and others, in which certain defendants filed a cross-action. From the judgment, plaintiff appeals. Affirmed.

Carrigan, Britain, Morgan & King, of Wichita Falls, for appellant.
Bibb & Caven, of Marshall, for appellees.

RANDOLPH, J. This suit was instituted by appellant, as plaintiff, against B. H. Williamson, P. O. Beard, E. B. Alford, John R. Alford, and Cosden Oil & Gas Company, as defendants, to recover title and possession of a tract of land described as the south 91 acres of the north 281.7 acres of section 16, block No. 1–PD, abstract 1126, in Moore county, Tex. The petition presents first a formal action of trespass to try title, and also pleads specially a deed from the plaintiff, E. T. Williamson, to defendant B. H. Williamson, under which the defendants all deraign and assert title to said land, and in which deed the description of the land conveyed is as follows:

"All that certain tract or parcel of land, lying and situated in the county of Moore, state of Texas, being a part of survey No. 16, block 1–PD; beginning at a stake in the southwest corner of said block No. 16, in the east line of survey No. 9 made by J. E. Rock in block 1–PD; thence north with the west line of said block No. 16, 2,948 vrs. to a stake in said line; thence east 1,127 vrs. to a stake in the east line of said block 16; thence south with the east line of said block No. 16, 2,948 vrs. to the southeast corner of same, a mound and four pits; thence west 1,127 vrs. to place of beginning, containing 589 acres of land, more or less. It being the intention of this instrument to convey to the said B. H. Williamson all of the land owned by me in sections Nos. 15 and 16, block 1–PD, except 700 acres off of the north end of said tracts."

Plaintiff also pleaded the specific intention of plaintiff by said deed to convey to the said B. H. Williamson all of the land owned by the plaintiff in said sections 15 and 16 in block 1–PD, except 700 acres off of the north end of said tracts, which would embrace and did embrace all of section 15 containing 418.3 acres, and the north 281.7 acres of said section No. 16, but that some question has been raised about the sufficiency of said deed to express the purpose of the parties thereto, and the defendants are asserting some claim under said deed to the south 91 acres of the north 281.7 acres of said section No. 16, block 1–PD, and by reason of said claim the title of the plaintiff in and to said 91 acres of land is clouded, etc.

Plaintiff further pleads mutual mistake of the parties, in that they intended such deed to convey no other land than the land remaining of section No. 16, after said 700 acres was retained in the plaintiff, and praying for the reformation of said deed.

The defendants Alfords and Beard filed their answer consisting of general demurrer and special exceptions, and specially pleading the execution and delivery of the foregoing deed to B. H. Williamson; plea of not guilty and general denial; that plaintiff's cause of action to reform the deed is barred by the 4 years' statute of limitation; cross-action by formal action of trespass to try title; 5 years' period of limitation; 3 years' limitation; 10 years' limitation; and for relief on warranty given them by B. H. Williamson.

All parties joined in moving the court to dismiss the defendant B. H. Williamson from the suit, and judgment was entered accordingly. A jury was waived and all matters of fact were passed on by the court; the court rendered judgment against the plaintiff that he take nothing by his suit and that defendants go hence without day as to his cause of action, and also rendered judgment in favor of defendants Alford and Beard, divesting title to the 91 acres of land out of the plaintiff, and vesting same in the last-named defendants. From such judgment, the plaintiff has appealed to this court.

The appeal herein is based upon an alleged fundamental error; no assignments of error having been filed.

Appellant in his brief says:

"The error of the court is fundamental and is apparent on the face of the record, since the judgment of the court was founded on the construction of the deed itself, and it has not been

deemed necessary to file formal assignments of error in the lower court."

We cannot agree with appellant that the record discloses that the trial court founded his judgment on the construction of the deed in evidence alone, and therefore that his judgment presents a question of fundamental error. In the trial court a general judgment was rendered in favor of the appellee on the whole case. No findings of fact and conclusions of law were filed by the trial judge, and none were requested. If there is error in the judgment, we will have to go to the statement of facts to ascertain it. On the face of the record there are several theories presented that would authorize the judgment, and whether or not the evidence supports the judgment can only be determined by an examination and analysis of the facts in the case.

[1] We do not desire to enter into a discussion as to what constitutes "fundamental error," but if we are required to go into the record as a whole to determine whether or not there is error, such error is clearly not "error apparent of record."

In view of the pleadings of both parties and the facts in evidence, it appears that:

"By an examination of the record it might be found that the facts existed as claimed in the propositions, but they are not manifest and not evident, not obvious, without an examination and weighing of the evidence to determine whether or not the assignment is well taken." Houston Oil Co. v. Kimball, 103 Tex. 94, 104, 122 S. W. 533, 537, 124 S. W. 85.

See, also, Conn v. Houston Oil Co. (Tex. Civ. App.) 171 S. W. 520, 524 (writ denied); Ford & Damon v. Flewellen (Tex. Com. App.) 276 S. W. 903.

[2] The proposition presented by appellant in this case not being error apparent of record, we affirm the judgment of the trial court.