SAMUEL MASSEY AND OTHERS, PLAINTIFFS IN ERROR, *v.* JOSEPH L. PAPIN.

Before 1819, Mackay had a claim to land in Missouri under a Spanish grant, and in that year gave a bond in the nature of a mortgage on a part of the land to Delassus.

In 1836, Congress confirmed the claim to James Mackay or his legal representatives. This enured to the benefit of the claimants under the mortgage rather than to the heirs of Mackay.

An imperfect Spanish title claimed by virtue of a concession was, by the laws of Missouri, subject to sale and assignment, and, of course, subject to be mortgaged for a debt.

THIS case was brought up from the Supreme Court of Missouri by a writ of error issued under the 25th section of the Judiciary act.

The record was very voluminous, as it traced the title to land for a number of years. It is not necessary to follow this

Mackay was the holder of a grant of land from Spain for 30,000 arpents, prior to 1819. In that year he gave a bond, by way of mortgage, in which he promised to convey fourteen-thirtieths of the land to Delassus, who assigned his interest in it to Leduc. In 1822, Mackay died, leaving a widow and eight children. In 1836, Congress confirmed the claim to Mackay or his legal representatives. In 1842, Leduc died, devising all his property to Hypolite Papin. Afterwards, in the same year, Papin died, devising all his property to his children equally. In 1854, Joseph L. Papin, one of the children, and the defendant in error, foreclosed the mortgage against the heirs and administrators of Delassus. It was sold, and Papin became the purchaser of fourteen-thirtieths of the 30,000 arpents. Papin then claimed a partition, which was resisted by Massey and others, who claimed under the heirs of Mackay. The Supreme Court of Missouri decided in favor of Papin, and the case was brought up to this court, where it was argued by *Mr. Blair* for the plaintiffs in error, and *Mr. Glover* for the defendant:

Mr. Justice CATRON delivered the opinion of the court.

This case is brought here by writ of error to the Supreme Court of Missouri.

In 1806, James Mackay presented his claim before the board of commissioners, sitting at St. Louis, to have confirmed to him 30,000 arpents of land. In 1809, the board rejected the claim.

In 1819, Mackay gave a bond in the nature of a mortgage on 14,000 arpents of the land to Delassus. Papin claimed as assignee of the mortgage, which he caused to be foreclosed, and purchased in the land, and took a title from the sheriff. Massey and others claim under Mackay's heirs.

The Supreme Court of Missouri decided that Papin, claiming under the mortgage of Mackay to Delassus, had a better title than Massey, who claimed under the heirs. And to reverse this decision, this writ of error is prosecuted.

The board of land commissioners of 1809 refused to confirm the claim; they were acting on the title as between the United

States and the claimant. The Government had the power to grant the land in fee, regardless of the opinion of the board. Accordingly, in 1832, an act of Congress was passed organizing another board to examine this description of Spanish claims, which had been rejected by the old board. The new board, in October, 1832, recommended the claim for confirmation "to said James Mackay, or his legal representatives." James Mackay had died, and his heirs presented the claim the second time; and it is insisted that the confirmation to them by the act of 1836 rejected the mortgage of Delassus, and that the heirs took the unincumbered legal title discharged of the mortgage.

An imperfect Spanish title, claimed by virtue of a concession, was, by the laws of Missouri, subject to sale and assignment, and of course subject to be mortgaged for a debt. The heirs of Mackay took the lands by descent, with the incumbrance attached, and held them in like manner that their ancestor held. The grant of the lands to the heirs by the act of 1836 carried the equities of the mortgagee with the legal title, of which he took the benefit—a consequence contemplated by the mortgage itself; and if the assignment had been in its form a legal conveyance of the lands, the grantee would have taken a legal title. And to this effect are the cases of Bissel *v.* Penrose, 8 How., and Landes *v.* Brant, 10 How.

It is ordered that the judgment be affirmed.