## BEN F. SMITH v. W. T. COBLE.

Decided April 29, 1905.

**1.—School Land—Substitute Purchaser—Filing Transfer.**

One who has bought school land from the original purchaser from the State and has filed with the Commissioner of the General Land Office a proper transfer of the land, is entitled, by virtue of the statute, to become a substitute purchaser. Rev. Stats., art. 4218k.

**2.—Same—Record of Transfer.**

The fact that the transfer had not been recorded in the county where the land lies was a mere irregularity which would not defeat the right and title of the transferee.

**3.—Same—Cancellation of Award—Land on Market—Presumptive Evidence.**

Where school land was awarded to J., and the Commissioner thereafter canceled the sale because J. was not an actual settler on the land, but the land was again awarded to him on a second application, the title of one who claimed through a subsequent transfer from J. could not be defeated on the ground that the cancellation of the first award had not been certified to the County Clerk and the land again formally placed on the market. The first award affords presumptive evidence that J. was then an actual settler on the land, and there is no evidence in the record to the contrary. If the cancellation be considered at all, then it shows that J. was not an actual settler at the time of the first award, and that therefore such award did not take the land off the market, and hence it was on the market at the time of the second sale.

**4.—Assignment of Error—Reference to Record.**

Where an assignment of error assails the verdict as being unsupported by the evidence, and in support thereof appellant merely refers the court to the "statement of facts" for the evidence, the assignment will not be considered over objection that it does not comply with the rules.

Appeal from the District Court of Carson. Tried below before Hon. B. M. Baker.

*John W. Veale* and *C. C. Coffee,* for appellant.

*Browning, Madden & Trulove* and *H. E. Hoover,* for appellee.

CONNER, CHIEF JUSTICE.—Appellee instituted this suit in the District Court of Hutchinson County August 4, 1903, in the ordinary form of an action of trespass to try title to recover sections numbers 116, 86, 82 and 52, in block number 5T, surveyed by the Texas & New Orleans Railway Company for the common school fund, situated in Hutchinson County, Texas. Appellant answered by general denial and plea of not guilty, and the venue of the suit, by agreement, was changed to Carson County, where a trial before a jury resulted in a verdict and judgment for appellee, from which this appeal has been prosecuted.

It is agreed that said section number 16 is the home or base section of each of the contesting parties herein, and that the party entitled to recover section 116 is also entitled to recover the remaining sections as additional to said home section. There is no dispute as to the following

facts, viz.: That on December 14, 1899, one J. W. Johnson filed in the General Land Office his applications to purchase the lands in controversy, number 116. as his home section, and the other three as additional thereto; that, pursuant to these applications, the lands were awarded to him on July 6, 1900; that on October 1, 1901, thereafter, the same J. W. Johnson duly filed in the proper clerk's office in Hutchinson County additional applications to purchase, as actual settler, these same lands. These latter applications by Johnson were in due form, were accompanied by the proper amount as the first payment required by law, and, together with the proper obligations, were filed in the General Land Office October 12, 1901. It further appears that on October 2, 1901, an affidavit signed by Lovett, Sims, and others was prepared, to the effect that Johnson had never been, nor was he then, living on section 116 (his home section) under his 1899 purchase. This affidavit was filed in the Land Office October 12, 1901, the same day upon which Johnson's said new applications were filed. On November 12, 1901, the Commissioner of the Land Office canceled the award that had been made to Johnson under his applications of 1899 for nonsettlement, and so indorsed them. On the same day, to wit, November 12, 1901, the Commissioner of the General Land Office awarded each of said four sections to the said J. W. Johnson by virtue of his applications to purchase the same, filed in his office on October 12, 1901, as before stated. On the 14th day of June, 1902, said J. W. Johnson, by his deed of that date, conveyed all four of said sections to appellee. Said deed from Johnson to appellee Coble was in proper form, and duly filed in the General Land Office on June 27, 1902, together with his (appellee's) applications and obligations to purchase the lands in controversy as a substitute purchaser under Johnson. The deed, however, was never recorded in Hutchinson County, and appellee deposited no money under his substitute applications.

Appellant B. F. Smith claims by virtue of actual settlement on section 116, and applications, obligations and first payment, as provided by law for the purchase of the lands in controversy, made on the 10th day of October, 1902, and additional applications and obligations made on February 12, 1903, and filed in the General Land Office on March 16, 1903. The first set of applications, however, were rejected by the Commissioner of the General Land Office on October 29, 1902, and the second set on March 18, 1903, for the reason that said lands had been sold to J. W. Johnson.

The controverted issues of fact submitted to the jury were those of actual settlement and continued occupancy on the part of both Johnson and appellee Coble. The jury was specifically instructed that, before they could find for the appellee, Coble, they must find that Johnson, at the time of his application on the 1st day of October, 1901, was then an actual settler on section 116, in good faith, intending to make it his home; that he paid one-fortieth of the purchase price of the land to the county clerk of Hutchinson County at the time he applied to purchase it, and filed in the General Land Office his obligations to pay the State the thirty-nine-fortieths unpaid purchase money; that he continued to occupy said section 116 as his home until his sale to appellee Coble, and that Coble, immediately after Johnson's sale to him, became

an actual settler himself upon said section 116, and thereafter continued his occupancy of the same to the date of the trial, and made his applications to purchase, as a substitute purchaser in good faith, for the purpose of making said section 116 his home, and filed his obligations in the Land Office to pay the State the thirty-nine-fortieths of unpaid purchase money, with interest thereon, as required by law.

Appellant's first assignment of error is as follows: "The court erred in admitting in evidence the application (or certified copy) of the plaintiff to purchase the land in controversy, of date the 21st day of June, 1902, over the objection of defendant, for the reason that, if offered as an original application to purchase said land, it was inadmissible because it was not recorded in the office of the county clerk of Hutchinson County, Texas, as required by law, and for the further reason that it failed to show, by endorsement thereon, that plaintiff had paid the said clerk the one-fortieth cash payment required by law, and for the further reason that said application failed to show, by proper endorsement thereon, that it had ever been filed in the office of the Land Commissioner of the State of Texas, as shown by plaintiff's bill of exception number 1." The proposition asserted thereunder being that, "As an original application to purchase the land in controversy, the application of appellee, dated June 21, 1902, was void, and as such conferred no title nor right to the title on appellee;" the proposition being predicated upon the facts stated in the assignment. The facts show, however, as we have already stated, that appellee's applications to purchase, as a substitute purchaser, was, in fact, properly filed in the office of the Commissioner of the General Land Office June 27, 1902, and the further fact that they were not recorded in the office of the county clerk of Hutchinson County, and that the cash payment required by law was not made by appellee, we deem to be immaterial. There is nothing to show that these applications were offered as original applications, and were offered, we assume, as applications to purchase as a substitute purchaser under Johnson. If so, under the law, appellee was entitled to become such substitute purchaser, having filed with the Commissioner a proper transfer from Johnson. (Rev. Stats., art. 4218 k; Johnson v. Bibb, 75 S. W. Rep., 72; Burnett v. Wommack, 12 Texas Ct. Rep., 361.)

Appellant has attacked the verdict of the jury as unsupported by the evidence in but a single assignment (eighth). In support of this assignment, however, appellant refers us to the "statement of facts," to all of which we think appellee's objections, because not in compliance with the rule, well taken, and we therefore, in deference to the verdict of the jury, must find, and do find, that Johnson was an actual settler at the time of his applications of October 1, 1901, upon section 116, in good faith intending to purchase the same as a home; that he continued to reside upon the same until his transfer to appellee, as hereinbefore stated, and that appellee thereupon forthwith likewise became an actual settler, and has continued to reside upon said section 116, in good faith, intending it for a home. If, therefore, appellee's applications of June 21, 1902, to purchase as a substitute purchaser, be entirely disregarded, appellee nevertheless established the better title, and was entitled to a recovery. By the terms of article 4218 k, Sayles' Civil Statutes, Johnson was authorized to sell the lands that had been awarded to him, and,

having sold to appellee, and appellee having forthwith become an actual settler, appellee acquired Johnson's title. True, this article provides that a vendee from an original purchaser of State school lands shall, upon compliance with the statute, become substituted for such original purchaser, but it is not provided that the right acquired by the transfer from the original purchaser shall become forfeited in event of a failure to make application and become a substitute purchaser, and we have been cited to no decision, and we know of no law, that would divest appellee of the title that he acquired from Johnson by the transfer from him. The facts do show, however, that appellee made application, as before stated, to become such substitute purchaser, and his applications and obligations to this end were duly filed in the Land Office. The transfer operated as an equitable assignment of the one-fortieth cash payment that had been made by Johnson, and the fact that Johnson's transfer to appellee had not been recorded in the county where the land lies was in the nature of an irregularity only, and could not be given the effect, we think, of defeating appellee's title.

Appellant insists, under his next assignment, that the court erred in submitting as an issue to the jury the right of appellee to recover the land in controversy as assignee of J. W. Johnson; the contention being, in substance, that the land was not on the market in October, 1901, or at any time thereafter, for the reason that the cancellation of the award to Johnson, on the 20th day of December, 1899, was not properly certified to the clerk of Hutchinson County, and the land again formally placed upon the market. But we fail to see how this fact, if it be so conceded, can avail appellant. In such event, the award to Johnson is presumptive evidence that he was an actual settler, and a qualified purchaser, in 1899, when he made his applications of that year, no evidence to the contrary having been offered. Johnson's transfer to appellee, therefore, conveyed whatever title he had, whether acquired by virtue of the award in 1899 or in 1901. If, on the contrary, Johnson was not an actual settler in 1899, as the Commissioner certified, then the award to him did not take the land off of the market, and there was hence no impediment on this ground to the sales made to Johnson in 1901.

What we have said disposes of all other assignments requiring any notice whatever, and the judgment is accordingly affirmed.

*Affirmed.*