HOLLIS et al. v. MYERS et al. (No. 6931.)

(Court of Civil Appeals of Texas. Galveston. June 27, 1915. Rehearing Denied Oct. 14, 1915.)

1. PUBLIC LANDS ⊗⇒178—SALE BY AWARDEE.

Public land awarded to a purchaser in accordance with the statute is the subject of sale.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 579–582; Dec. Dig. ⊗⇒178.]

2. PUBLIC LANDS ⊗⇒178 — CONVEYANCES — RIGHTS OF GRANTEE.

While, if a purchaser of public land from an original settler who has not completed his payments to the state and obtained a patent desires to have himself substituted for the original purchaser in order that he may carry out the contract with the state and have the patent issued to him, he must file his transfer in the General Land Office, his failure to do this in no way affects his title as against the original purchaser, and if such original purchaser completes the contract with the state and obtains the patent, the legal title thus obtained inures to the benefit of his vendee.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 579–582; Dec. Dig. ⊗⇒178.]

3. PUBLIC LANDS ⊗⇒178 — CONVEYANCES — RIGHTS OF GRANTEE.

Where an original settler on public land who had not completed his payments and obtained a patent conveyed to one who failed to file his conveyance in the General Land Office and obtain a patent, and thereafter conveyed to another party, who bought with full knowledge of the first conveyance, such subsequent grantee obtained no higher right by procuring the issuance of a patent to him than the original settler would have obtained had he obtained a patent after the first conveyance by him.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 579–582; Dec. Dig. ⊗⇒ 178.]

Appeal from District Court, Newton County; A. E. Davis, Judge.

Trespass to try title by R. C. Myers and others against W. D. Hollis and another. Judgment for plaintiffs, and defendants appeal. Affirmed.

Powell & Huffman, of Jasper, for appellants. Garland Smith, of Jasper, and John B. Warren, of Houston, for appellees.

PLEASANTS, C. J. This is an action of trespass to try title brought by R. C. Myers, R. C. Conn, J. S. Walker, and C. Byrnes against W. D. Hollis and H. M. Bivins. Pleas in abatement were sustained to the causes of action asserted by all of the plaintiffs except the plaintiff Myers, and as to him defendants pleaded not guilty, and that they were innocent purchasers for value without notice of plaintiff's claim. The cause was submitted to a jury in the court below upon special issues, and upon a return of the verdict judgment was rendered thereon in favor of plaintiff for the land claimed by him and against the defendants Hollis and Bivins and the sureties upon a replevy bond filed by defendants for the sum of $800, the rental value of the property as found by the jury for the time it was held by defendants under said replevy bond.

The facts disclosed by the record are as follows: The land in controversy is a part of the north one-half of section No. 6, Houston & Texas Central Railway Company, survey in Newton county. On October 14, 1901, the north one-half of said section No. 6, containing 320 acres, was awarded by the Commissioner of the General Land Office to E. H. Bivins as an actual settler. Bivins made his payment and executed his obligation to the state in accordance with the terms of his purchase as fixed by the statute. He completed his terms of occupancy, and on October 3, 1905, filed in the General Land Office proof of his occupancy as required by the statute. On December 22, 1904, after his three years' occupancy had been completed, he and his wife by general warranty deed conveyed 20 acres of the land to W. B. Brown for a cash consideration of $175. Other conveyances by deeds of general warranty were subsequently made by Bivins and wife of different portions of the land to several different parties. Appellee Myers, by deeds from the vendees of Bivins and wife, acquired the title of said vendees. The deeds from Bivins and wife and the deeds to appellee were all promptly recorded in the deed records of Newton county, and appellee took possession of the land and made valuable improvements thereon. None of these deeds, however, were filed in the General Land Office, and no steps were taken by appellee, or any of the vendees of Bivins and wife, under whom appellee holds, to have themselves substituted for the original purchaser, nor to obtain a patent to the land. All of these sales were made and deed recorded, and appellee was in possession of the land prior to February 19, 1912, on which date E. H. Bivins, the original awardee of the land from the state, conveyed to his father, H. M. Bivins, the west half of the northwest one-fourth of section No. 6, thereby conveying 80 acres of the said section, which includes the land in controversy, the consideration recited in the said deed being $100 and other valuable considerations. This deed was filed for record in Newton county and afterwards filed in the General Land Office and a patent was issued by the state to H. M. Bivins, assignee of E. H. Bivins, for the said 80 acres of land, the date of the issuance of the patent being the 27th day of February, 1913. On the 17th day of March, 1913, H. M. Bivins, the father of E. H. Bivins, conveyed 20 acres of the said 80 acres to W. D. Hollis, one of the appellants, reciting a consideration of $500. The deed described the property conveyed as being one-half interest in the north one-half of an 80-acre tract of land, known as the west one-half of the northwest one-fourth of section No. 6, and further recited that:

"The interest that is intended to be conveyed by the said H. M. Bivins is what is known as the R. C. Myers Co. oil or artesian wells that is now on the above described property and it is the intent of this conveyance to convey only 20 acres of land."

Neither of the appellants, H. M. Bivins nor W. D. Hollis, testified in this case; nor was any proof offered upon the part of the appellants of the payment of the purchase money recited in the deed from E. H. Bivins to his father, H. M. Bivins, or in the deed from H. M. Bivins to the appellant W. D. Hollis. Nor was there any denial upon the part of appellants H. M. Bivins and W. D. Hollis of their knowledge that the land in controversy was in actual possession of the appellee R. C. Myers; nor did they deny that they knew that the deeds that he was holding under were on record in Newton county, Tex.

The appellee proved his title direct from E. H. Bivins, and the fact that his deeds were all recorded and general warranty deeds, and that he was in actual possession of the property in controversy, operating it and using it as a natatorium at the time that E. H. Bivins attempted to convey the land to his father, H. M. Bivins, and that the appellants knew these facts. The proof further showed that the appellants took forcible possession of the appellee's property, or his natatorium, just prior to the filing of this suit, and that upon the filing of this suit appellee sued out a writ of sequestration and sequestered the property, and the appellants replevied and since the replevy have been in the possession of the property.

Appellants present various assignments of error which it is unnecessary to set out or discuss in detail.

The main proposition advanced under the assignments and relied on by appellants for a reversal of the judgment is that because appellee and his vendors failed to file their deeds in the General Land Office and have themselves substituted for the original purchaser, they acquired no right or title in the land which can be asserted against H. M. Bivins, who after his purchase from E. H. Bivins had himself substituted for the original purchaser, paid the amount due the state, and obtained a patent for the land, nor against Hollis, the vendee of H. M. Bivins, notwithstanding both Bivins and Hollis, at the time of their respective purchases, had actual knowledge of appellee's possession and claim to the land.

[1, 2] There is no merit in this proposition. The title acquired by a purchaser to whom an award of public land has been made in accordance with the provisions of the statute will support an action of trespass to try title, and it goes without saying that land so held is the subject of sale. If the purchaser of such land from the original settler who has not completed his payments to the state and obtained a patent desires to have himself substituted for the original purchaser in order that he may carry out the contract with the state and have the patent issued to him, he is required by the statute to file his transfer in the General Land Office, but his failure to do this in no way affects his title to the land as against the original purchaser, and if the latter completes the contract with the state and obtains the patent, the legal title thus obtained by him inures to the benefit of his vendee. If E. H. Bivins, after completing his term of occupancy, had paid the balance due the state on this land and obtained the patent therefor, he would have acquired no title to any portion of the land which he had previously conveyed, and the legal title evidenced by the patent would have vested in those to whom he had sold the land.

[3] Appellants, who bought with full knowledge of appellee's title, obtained no higher right by the issuance of the patent to H. M. Bivins than E. H. Bivins would have obtained had the patent been issued to him. The books are full of cases in which possession of the title of an awardee of school lands, who had not completed his payments to the state and obtained patent therefor, have maintained an action of trespass and recovered on such title. In the case of Smith v. Coble, 39 Tex. Civ. App. 243, 87 S. W. 170, it is expressly held that the title of such a purchaser is not affected by his failure to file his deed in the General Land Office. It seems to us that this is so obviously true that citation of authorities is unnecessary.

All of the assignments presented in appellants' brief have been considered, and none of them, in our opinion, can be sustained. We think that upon the undisputed evidence no other verdict and judgment could have been properly rendered. It follows that the judgment should be affirmed, and it has been so ordered.

Affirmed.