# MAY, 1918

## MRS. L. A. CAGLE ET AL. v. SABINE VALLEY TIMBER AND LUMBER COMPANY ET AL.

### No. 2474. Decided May 1, 1918.

**1.—Land Certificate—Transfer—Patent to Heirs.**

A patent of land to the heirs of the person originally entitled to receive the grant but who has lawfully transferred his right thereto to another, to whom as assignee the certificate issued, enures to the benefit of the assignee, who takes therefrom both the legal and the equitable title; and this though the ancestor's transfer contained no warranty, nor expressed an intent that the assignee should have the land itself as well as the certificate otherwise than by the fact of his executing such transfer. (Pp. 182-184.)

**2.—Same—Legal Title—Color of Title.**

By patent to the heirs of an original grantee by virtue of a land certificate issued to another to whom he had assigned his right, the heirs take nothing which will avail them or those claiming under them as title or color of title to support limitation by three years' possession as against those claiming under the assignee. (P. 184.)

**3.—Case Stated.**

A land certificate issued to an assignee of the one originally entitled to the grant and was located and patent obtained by such assignee; but patent issued to the heirs of the original grantee. Held, that legal title vested by the patent in the assignee. In a suit by those claiming under him to recover the land from those claiming under such heirs, the latter had neither title nor color of title to support limitation by possession for three years. (Pp. 182-184.)

**4.—Cases Distinguished.**

Barroum v. Culmell, 90 Texas, 94; and Satterwhite v. Rosser, 61 Texas, 166, distinguished from this case. (P. 182.)

**5.—Stale Demand—Legal Title.**

The plea of stale demand is not available against a holder of the legal title. (P. 184.)

Error to the Court of Civil Appeals for the Sixth District, in an appeal from Shelby County.

Mrs. Cagle and others sued the Sabine Valley Timber and Lumber Company and others for the recovery of land. . Plaintiffs recovered. On defendants' appeal there was a reversal and remand (149 S. W., 697) on which appellees, plaintiffs below, obtained writ of error.

*J. M. Sanders* and *Oliver J. Todd,* for plaintiffs in error.—The doctrine of stale demand does not apply to nor affect the title of the plaintiffs, because their ancestor, as found by the court, and as shown by the uncontroverted evidence, purchased the rights of Archibald Smith to the headright guaranteed to him by the Constitution of the Republic of Texas, after his particular land had been once located under a valid order of survey from the prior government, at a time when the absolute legal and equitable title to said land and rights passed by general warranty, by either an oral or written sale; and said ancestor as such owner applied to and received from the Republic, as assignee of Archibald Smith, certificate No. 284, in Shelby County, which said certificate was by him, under the uncontroverted evidence, located upon the land in controversy which had theretofore been surveyed by Smith, as aforesaid; and the said Mark Haley, ancestor of plaintiff, paid the government dues; by which location and survey he acquired a title sufficient for the maintenance of the legal action of trespass to try title in the courts of Texas, which title did not require any affirmative equitable action to enforce it; and the finding of the trial court that the plaintiff's title is not barred by stale demand, is, therefore, clearly right under the law as applied to the facts of this case. Rev. Stats. of Texas, art. 5259; Martin v. Parker, 26 Texas, 254; Duren v. Houston & T. C. R. R. Co., 86 Texas, 291, 24 S. W., 258; League v. Henecke, 28 S. W., 220; Threadgill v Bickerstaff, 87 Texas, 520, 29 S. W., 758; Edwards v. Humphreys, 89 Texas, 512, 36 S. W., 334; Humphreys v. Edwards, 89 Texas, 512, 36 S W., 434; Illies v. Frerichs, 11 Texas Civ. App., 575, 32 S. W., 917; New York & Texas Land Co. v. Hyland, 8 Texas Civ. App., 601, 28 S. W., 206; Olcott v. Ferris, 24 S. W., 850; Hanaford v. Morton,

22 Texas Civ. App., 587, 55 S. W., 987; Grant v. Hill, 29 S. W., 250; Trinity County Lbr. Co. v. Pinckard, 4 Texas Civ. App., 671, 23 S. W., 720; Lochridge v. Corbett, 31 Texas Civ. App., 676, 73 S. W., 96; Betzer v. Goff, 35 Texas Civ. App., 406, 80 S. W., 671; Lyster v. Leighton, 36 Texas Civ. App., 62, 81 S. W., 1033; Morgan v. Baker, 40 S. W., 27; Schleicher v. Gutbrod, 34 S. W., 658; Hensel v. Kegans, 8 Texas Civ. App., 583, 28 S. W., 705; Kirby v. Cartwright, 106 S. W., 742; Surghenor v. Ranger, 133 Fed., 453, 66 C. C. A., 327.

The finding of the trial court that defendants have not title under the three years statute of limitation in this case is correct in law, as said law is applied to the facts found by the court and shown by the record, because Archibald Smith, having sold his land, and his right under the Constitution to perfect title to same, at some time prior to 1838, and the certificate having been issued to, and owned by, and located by Mark Haley, the said Archibald Smith and his heirs were estopped to claim any title against Haley or his heirs; and any rights passing into them by the patent passed eo instanti by estoppel upon the issuance of the patent from the said Haley, and said Smith heirs, and those claiming under them, had neither title nor color of title to support the three years statutes.    Baldwin v. Root, 90 Texas, 547, 40 S. W., 3; Duren v. Railway Co., 86 Texas, 291, 24 S. W., 258; Illies v. Frèrichs, 11 Texas Civ. App., 575, 32 S. W., 917; Hanaford v. Morton, 22 Texas Civ. App., 587, 55 S. W., 988; Satterwhite v. Rosser, 61 Texas, 166; Adams v. House, 61 Texas, 639; Edwards v. Humphreys, 36 S. W., 333; Humphreys v. Edwards, 89 Texas, 517, 36 S. W., 434; Lindsay v. Freeman, 83 Texas, 267, 18 S. W., 731; Morgan v. Baker, 40 S. W., 27; Borroum v. Culmell, 90 Texas, 93, 37 S. W., 313; Garrett v. McClain, 18 Texas Civ. App., 245, 44 S. W., 47; Gainer v. Cotton, 49 Texas, 101; Martin v. Parker, 26 Texas, 254; Manchaca v. Field, 62 Texas, 141; Rountree v. Thompson, 30 Texas Civ. App., 595, 71 S. W., 575; Hunnicutt v. Peyton, 102 U. S., 361, 26 Law. Ed., 113; Surghenor v. Ranger, 133 Fed., 453, 66 C. C. A., 327; Johnson v. Newman, 43 Texas, 628; 1 White, Recopilacion, 193; Constitution Rep. of Texas, Gen. Prov., art. 10.

*Davis, Davis & Davis, Greer & Nall, Baker, Botts, Parker & Garwood, John T. Garrison,* and *W. H. Gill,* for defendants in error.—The issuance of the patent to the heirs of Archibald Smith in 1849, vested in the heirs of Archibald Smith the legal title to the land in controversy, and appellants, defendants below, claiming title to the land through and under John Choate, who purchased the land from the heirs of Archibald Smith; and John Choate, one of the vendors of appellants, having occupied, claimed and cultivated the land for more than three years consecutively under title, and color of title, from the heirs of Archibald Smith, entitled appellants to a judgment for the land under the statute of three years limitation. Hulett v. Platt, 109 S. W., 207; Williamson v. Brown, 109 S. W., 412; League v. Rogan, 59 Texas, 427.

Where there has been only a transfer of a certificate by indorsement, the sale is treated as an executory contract to be afterward performed by a conveyance of the land to be located, and such transfer is not sufficient to pass the legal title to the land by estoppel upon the issuance of the patent to the heirs of the grantor. Howard v. Stubblefield, 79 Texas, 3; Frost v. Wolf, 77 Texas, 458; Fuller v. Coddington, 74 Texas, 337; Gilmer v. Poindexter, 10 How., U. S., 257; Johnson v. Newman, 43 Texas, 628.

The judgment of the lower court was erroneous because the appellants, holding under a regular chain of title from the heirs of Archibald Smith, to whom the land was patented by the State in 1849, vested in the heirs of Archibald Smith and those claiming under them the legal title to the land in controversy, and the mere transfer of the certificate upon which the land was patented to Mark Haley, previous to the patent to the heirs of Archibald Smith, would vest in Mark Haley only an equitable title, and the heirs of Archibald Smith, having sold the land in controversy in 1858, to Choate and Casey, under whom appellants claimed, was a repudiation of the equitable title held by the appellees to the land, and the failure of the plaintiffs to assert title to the land for more than fifty years, would constitute a bar to plaintiffs' right, their claim being a stale demand. Blair v. Hennesy, 138 S. W., 1076; Montgomery v. Noyes, 73 Texas, 203, 11 S. W., 138; League v. Rogan, 59 Texas, 427; League v. Henecke, 26 S. W., 729; League v. Henecke, 27 S. W., 1049.

### ON MOTION FOR REHEARING.

It will be observed that in all of the cases cited by the court the suit was between the heirs of the original grantees, or those claiming under them, and the transferees of the certificates, or those claiming under them; and while it is held that the transferees, or those claiming under them, held the superior title, and were entitled to recover against the bare legal title vested by the patents, none of them hold, as this court seems to hold, that the transferees by virtue of the ownership by them of the certificate held the legal title. All of them hold in effect, or in fact, that the issuance of the patent inured to the benefit of the transferees, but none of them hold that the word "inured" is equivalent to "legal title." If, then, the holder of the certificate is only the equitable owner of the land, the defense of stale demand is available. Carlisle v. Hart, 27 Texas, 350; League v. Rogan, 59 Texas, 427; Montgomery v. Noyes, 73 Texas, 203; Howard v. Stubblefield, 79 Texas, 1; Browning v. Pumphrey, 81 Texas, 163; McMasters v. Mills, 30 Texas, 591; French v. Koenig, 8 Texas Civ. App., 341, 27 S. W., 1079; Wichita, etc., v. Ward, 21 S. W., 128; Wolf v. Wilhelm, 146 S. W., 216.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

The plaintiffs in error recovered a judgment in the District Court against defendants in error for 23,935,000 square varas of land in Shelby

County, except three small tracts adjudged to the W. R. Pickering Lumber Company.

The Court of Civil Appeals of the Sixth Supreme Judicial District of Texas reversed this judgment on the ground that defendants in error had established title to some interest in the land, under the statute of limitations of three years, and remanded the cause, for the reason that the court was unable to say what interest should have been recovered by one of the plaintiffs in error, who was held not shown to be barred. 149 S. W., 697.

The writ of error was granted because it was made to appear, on application by plaintiffs in error, that the judgment of the Court of Civil Appeals practically settled the case.

The defendants in error claim the land under conveyances from certain heirs of Archibald Smith, who was an immigrant of the year 1826, and who had become entitled, before the revolution, to a survey of a league and labor of land. The tract in controversy was patented, by the State, to the heirs of Archibald Smith on May 5, 1849.

Prior to February 4, 1838, Mark Hailey had become the transferee of Archibald Smith's right to the land, and, on that day a certificate was issued to Mark Hailey, as assignee of Archibald Smith, for a league and labor, under which the tract in controversy was located and surveyed.

Our decision of the controlling questions in this case depends on the determination of the legal effect of the patent to the heirs of Archibald Smith, after Smith, in his lifetime, had transferred his right to the land to Mark Hailey, and after Hailey had procured the certificate and had caused the land to be located and surveyed thereunder, as assignee of Smith.

It is contended in behalf of defendants in error:

1. That since there is no proof of any warranty in connection with the transfer or assignment from Smith to Hailey, the right in the land acquired by Hailey and his heirs was purely equitable, and is now barred as a stale demand.

2. That the patent having invested the heirs of Archibald Smith with the legal title, those claiming under them had title or color of title to support three years limitations.

There are expressions in the opinions of this court which seem to lend some support to the proposition that it is only where a transfer of a right to a land grant, or where an assignment of a land certificate, expressly shows an intention to convey the land to be acquired thereunder, or contains a covenant of warranty, that the legal title, under the patent, will enure to the transferee or assignee. Barroum v. Culmell, 90 Texas, 94, 37 S. W., 313; Satterwhite v. Rosser, 61 Texas, 166. The cases cited actually decided nothing more than that covenants of warranty or express language manifesting an intent that the transferee was to have the land, when located, had the effect to make the patent enure to the benefit of the transferee. These decisions are unquestionably sound, but, it by no means follows that a contrary effect must be

given a patent to one who has transferred his right to land, or his land certificate, because of the absence from the transfer of a covenant of warranty or of express language such as is above mentioned.

In our opinion, the very nature of a transfer of the right to a grant, or of a transfer of a land certificate, plainly implies the purpose of the transferor that the land itself and the final title shall belong to the transferee, and to fail to give a subsequent patent to the transferor, or his heirs, the effect of enuring to the benefit of the transferee would be to defeat the essential object of the transfer.

Section 10 of the General Provisions of the Constitution of the Republic of Texas, guaranteed the title to a league and labor of land to any citizen, who held a transfer of the right to same from a colonist. The right of the colonist was but an inchoate right to the land, and it can not now be questioned that such right was the subject of transfer, and that a transfer was fully protected by Section 10. Johnson v. Newman, 43 Texas, 628.

It appears to be held generally that where a grantor quitclaims an inchoate or incomplete right to land, the subsequent confirmation or completion of that right, in the name of the grantor, as by patent, enures to the benefit of the grantee. 10 R. C. L., 680; 16 Cyc., 695, note; 35 L. R. A. (N. S.), 1188. This conclusion is founded on the law of estoppel as well as on the doctrine of relation. Landes v. Brant, 10 How., 348, 13 L. Ed., 449; Massey v. Papin, 24 How., 364, 16 L. Ed., 734; Wholey v. Cavanaugh, 88 Cal., 136, 25 Pac., 1112.

The Texas cases sustain the same conclusion.

In Merriweather v. Kennard, 41 Texas, 281, one Fordtran proved merely that an unconditional certificate had been issued to him as assignee of one Merriweather. The court held: "The patent was issued in 1848, long after the death of Merriweather; and though it issued to him, it enured to the benefit of Fordtran as his assignee."

The Supreme Court declared in Humphreys v. Edwards, 89 Texas, 516, 519, 36 S. W., 333, that the opinion of Chief Justice Lightfoot stated the grounds on which their conclusions were based. In that opinion it was held that if an administrator's sale passed the title of an estate to a land certificate, "and then such certificate was located by the purchaser upon the land in controversy, even though the patent should subsequently be issued in the name of George P. Humphreys, the original grantee, or his heirs, the superior title would enure to the benefit of the purchasers of such certificate and their vendees." The decision is followed in Morgan v. Baker, 40 S. W., 27; and in Broussard v. Cruse, 154 S. W., 350. To the same effect is Davis v. Bargas, 12 Texas Civ. App., 59, 33 S. W., 548.

We can not affirm the holding that the individuals, who were the heirs of Archibald Smith, at the date of the patent, acquired any personal right thereunder.

In Fishback v. Young, 19 Texas, 515, where the land certificate in controversy was issued to the heirs of one Cornelius, it is said: "They

(the children) have no personal or individual right to the land granted. They can claim only as representatives of the deceased. . . . Let the grant be issued as it will, if the issue be to persons representing, in form or in fact, the deceased, it must enure to the benefit of all interested in the estate."

The patent made complete the title which had its origin in the certificate issued to Mark Hailey, by virtue of a right previously transferred to him. "The title relates to its origin and must take the impress of its character from it." The patent, therefore, enured to the benefit of Mark Hailey as the assignee of Archibald Smith. Welder v. Lambert, 91 Texas, 521 to 526, 44 S. W., 281; Fields v. Burnett, 49 Texas Civ. App., 446, 108 S. W., 1050.

It follows that neither the heirs of Archibald Smith nor any claimant under them had "title or color of title" to support limitation of three years.

It is clearly stated in Grigsby v. May, 84 Texas, 254, 19 S. W., 343, and in Burnham v. Hardy Oil Co., 108 Texas, 555, 195 S. W., 1143, that there can be but one regular chain of transfers from the sovereignty of the soil to a grant, and that "a conveyance made by the original owner, after he had already conveyed whatever right he had, is collateral, and can never connect a person claiming under it with the sovereignty of the soil." This results from the want of power in the original grantee or his heirs to convey the title granted by the State, after having executed a transfer designed to invest the purchaser with that very title, and after the title under the grant has enured to the purchaser.

The opinion in Grigsby v. May expressly affirms the decision in Gould v. West, 32 Texas, 339, of the question under consideration, which decision is expressed in the following language: "The ancestor having disposed of his right in his lifetime, and the title, when the patent issued, having enured to the benefit of his vendee, the heir had neither title nor color of title by a regular, or an irregular, consecutive chain of transfer from the sovereignty of the soil. Without such title or color of title, the plea (i. e., of three years limitation) is unavailing."

Bearing in mind that we have already determined that at least after the issuance of the patent, Mark Hailey and his heirs had both the legal and equitable title to the land, we but reaffirm Baldwin v. Root, 90 Texas, 546, 40 S. W., 3, followed in Illies v. Frerichs, 11 Texas Civ. App., 575, 32 S. W., 917, and other cases, when we decide that those holding under the heirs of the patentee had neither title nor color of title to support limitation of three years.

The plea of stale demand, of course, could not be interposed to defeat the legal title of plaintiffs in error. Duren v. Houston & T. C. Ry. Co., 86 Texas, 291, 24 S. W., 258.

As to the defenses of bona fide purchasers and presumption of a reconveyance from Mark Hailey to Archibald Smith, the case at most presents only questions of fact, which have been determined against defendants in error, and, which, on this record, we would not be au-

thorized to disturb. Herndon v. Vick, 89 Texas, 475, 35 S. W., 141; Baldwin v. Goldfrank, 88 Texas, 258, 31 S. W., 1064; Poland v. Porter, 44 Texas Civ. App., 334, 98 S. W., 217.

The judgment of the Court of Civil Appeals is reversed, and the judgment of the District Court is affirmed.

*Reversed and judgment of District Court affirmed.*