Donald Ray JOHNSON and Joe Russell, Appellants,

v.

Jimmie Lee BRANCH and Leanna Stromile, Appellees.

No. 01–87–00548–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 11, 1988.

Rehearing Denied March 24, 1988.

Matthew W. Plummer, Sr., Houston, for appellants.

Gary E. Patterson, Brian S. Clary, George W. Wilhite & Assoc., Houston, for appellees.

Before EVANS, C.J., and BASS and DUNN, JJ.

## OPINION

EVANS, Chief Justice.

The appellants brought this trespass to try title action against the appellees to recover title and possession of a house and lot in downtown Houston. At the conclusion of a non-jury trial, the court entered a take-nothing judgment in favor of the appellees based on their claim under the three-year statute of limitation. We reverse and render.

Both parties claim under Hallie Mae Taylor, who succeeded to the interest of the stipulated common source of title, J.H. Wilson. It is undisputed that Hallie M. Taylor died, without issue, on December 12, 1970, survived by her common-law husband, Walter Branch, who had been living on the property with his wife, and continued to live there after his wife's death.

In 1976, Branch instituted heirship proceedings and an order was entered by the probate court declaring that Branch was the sole heir of the estate of Hallie Mae Taylor, deceased. In 1979, Branch died, leaving a will that devised all his property to his two children by a prior marriage, the appellees. In 1980, after the death of Walter Branch, the probate court admitted the holographic will of Hallie Mae Taylor, deceased, to probate as a muniment of title. Under the terms of this will, which is dated October 1, 1967, the property in question was devised to the appellants in equal shares.

The appellants do not challenge the trial court's evidentiary findings regarding the appellees' occupancy and possession, which would establish those elements of their limitation claim. The appellants contend only that the appellees and their predecessor in interest, Walter Branch, did not have "title" or "color of title" to support their claim under the three-year statute of limitation. This, we conclude, is the dispositive issue in the case.

Tex.Civ.Prac. & Rem.Code sec. 16.024 (Vernon 1986) provides:

A person must bring suit to recover real property held by another in peaceable and adverse possession under title or color of title not later than three years after the day the cause of action accrues.

We agree with the appellants' contention that the appellees did not prove either "title" or "color of title," within the meaning of the three-year statute of limitation. *Howth v. Farrar*, 94 F.2d 654, (5th Cir.) *cert. denied*, 305 U.S. 599, 59 S.Ct. 75, 83 L.Ed. 380 (1938); *Cagle v. Sabine Valley Timber & Lumber Co.*, 109 Tex. 178, 202 S.W. 942, 943 (1918); *Gould v. West*, 32 Tex. 338, 354 (1869). On the death of Hallie Mae Taylor, her title to the property vested immediately in her devisees, *Zahn v. Nat'l Bank of Commerce*, 328 S.W.2d 783 (Tex.Civ.App.—Dallas 1959, writ ref'd n.r. e.), as effectively as if she had executed a conveyance to them. *Youree v. Pires*, 5 S.W.2d 178 (Tex.Civ.App.—Waco 1928, writ ref'd). When Hallie Taylor's will was admitted to probate, the title passing under her will became subject to defeasance only if the order of probate should be set aside. *Hardin v. Hardin*, 66 S.W.2d 362 (Tex.Civ. App.—Fort Worth 1933). Moreover, her

devisees were entitled to the estate devised, nothwithstanding that they may have been delinquent in timely filing. the will for probate. *Masterson v. Harris,* 107 Tex. 73, 174 S.W. 570 (1915).

In support of their claim that they had "color of title," the appellees cite *Weaver v. Garrietty,* 84 S.W.2d 878 (Tex.Civ.App.—Dallas, 1935, writ ref'd). There, one of the defendants, Frank Burke, claiming to be the heir of his deceased wife, Maggie, asserted the three-year statute of limitation as a defense in a trespass to try title action brought by Maggie's former husband, Fred Garrietty. The court held that a divorce decree, which divested title out of Garrietty and awarded it to Maggie, constituted "color of title" within the meaning of the three-year statute of limitation, regardless of the fact that the decree was later set aside on Garrietty's direct attack. Thus, the second husband, Burke, was entitled to assert the three-year statute of limitation as a defense to Garrietty's action.

The pertinent circumstances in *Weaver v. Garrietty* are distinguishable from those here. In this case, it is undisputed that Hallie Mae Taylor's entire interest in the property became vested in the appellants, as devisees under her will, immediately upon her death. Thus, neither the appellees nor their predecessor, Walter Branch, ever acquired any title or color of title in the property as a result of their being heirs of Hallie Mae Taylor. The cases cited above all hold that the three-year statute of limitation is not available to heirs claiming against persons who acquired a *valid* prior title from their ancestor. *Howth v. Farrar,* 94 S.W.2d at 658; *see also Epps v. Finehout,* 189 S.W.2d 631, 632 (Tex.Civ. App.—San Antonio 1945, writ ref'd w.o.m.).

We accordingly sustain the appellants' first two points of error, and because of the disposition of these points, we need not consider the appellants' remaining points of error. We note, however, that both parties stipulated on oral argument that there are no issues on appeal regarding the five and ten-year statute of limitation, and that the only issue before this court is the applicability of the three-year statute of limitation.

The judgment of the trial court is reversed, and judgment is hereby rendered that the appellants recover title to and possession of the lands and premises described in their petition.